## J. ANDERSON v. THE STATE.

GAMING.— In an indictment or information for betting at a gaming-table or
device other than those specifically denounced by the Penal Code, it
must be alleged that the table or device was kept or exhibited for the
purpose of gaming. Describing it as a "gaming-table and gaming de-
vice" is not tantamount to the allegation that it was kept or exhibited for
the purpose of gaming.

APPEAL from the County Court of Hood. Tried below
before the Hon. J. HINER, County Judge.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.   The indictment in this case charges that ap-
pellant " did unlawfully, at and upon a certain gaming-table
and gaming device known and described as a ten-ball alley,
then and there kept and exhibited by E. R. O'Brien, bet
and wager certain money." This charges no offence against
the law, because it fails to aver that the table or device was
kept or exhibited " for the purpose of gaming." *Booth* v.
*The State*, 26 Texas, 203 ; *Negro Ben* v. *The State* (present
term), *ante*, p. 107. Such averment is unnecessary only
in cases where the indictment charges a betting at one of the
games expressly named in the statute. Penal Code, art. 360.
The judgment is reversed and the cause remanded.
*Reversed and remanded.*